IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENZYME CORPORATION and SANOFI-AVENTIS U.S. LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Zydus Pharmaceuticals (USA) INC.,<br><br>Defendant. | C.A. No. 1:16-cv-00540 (GMS) |

**ZYDUS PHARMACEUTICALS (USA) INC.'S ANSWER AND COUNTERCLAIMS**

Defendant Zydus Pharmaceuticals (USA) Inc. ("Zydus") hereby responds to the corresponding paragraphs of the Complaint of Plaintiffs Genzyme Corporation and Sanofi-Aventis U.S. LLC (collectively "Genzyme"), by their undersigned counsel as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required.

2. Paragraph 2 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zydus admits that it filed Abbreviated New Drug Application ("ANDA") No. 208980 with the United States Food and Drug Administration ("FDA") for approval to market Plerixafor Injection 20 mg/mL, 1.2 mL, a proposed generic version of Genzyme's Mozobil® drug product.

**THE PARTIES**

3. Zydus is without sufficient information to admit or deny the allegations in paragraph 3 of the Complaint and therefore denies the same.

4. Zydus is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint and therefore denies the same.

5. Zydus admits that it is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534. Paragraph 5 of the Complaint contains additional legal conclusions to which no response is required. To the extent a response is required, Zydus does not contest personal jurisdiction in this Court solely for purposes of Genzyme's claims against Zydus in this case.

**JURISDICTION AND VENUE**

6. Paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zydus does not contest subject matter jurisdiction in this Court solely for purposes of Genzyme's claims against Zydus in this case.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zydus does not contest personal jurisdiction in this Court solely for purposes of Genzyme's claims against Zydus in this case.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zydus does not contest personal jurisdiction in this Court solely for purposes of Genzyme's claims against Zydus in this case. The documents filed in the civil actions identified in Paragraph 8 of the Complaint speak for themselves, and Zydus denies any allegations to the extent they paraphrase, misstate or are inconsistent with such documents.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zydus does not contest venue in this Court solely for purposes of Genzyme's claims against Zydus in this case.

## THE PATENTS AND ACTS GIVING RISE TO THIS ACTION

10. Zydus admits that what purports to be a copy of the Mozobil Prescribing Information is attached as Exhibit A to the Complaint. Zydus is without sufficient information to admit or deny the remaining allegations in paragraph 10 of the Complaint and therefore denies the same.

11. Zydus admits that what purports to be a copy of United States Patent No. 7,897,590 ("the '590 patent") attached as Exhibit B to the Complaint lists March 1, 2011 on its face as the issue date and lists Gary J. Bridger, Michael J. Abrams, Geoffrey W. Henson, Ronald Trevor MacFarland, Gary B. Calandra, Hal E. Broxmeyer and David C. Dale on its face as inventors. Zydus is without sufficient information to admit or deny the remaining allegations in paragraph 11 of the Complaint and therefore denies the same.

12. Zydus admits that what purports to be a copy of United States Patent No. 6,987,102 ("the '102 patent") attached as Exhibit C to the Complaint lists January 17, 2006 on its face as the issue date and lists Gary J. Bridger, Michael J. Abrams, Geoffrey W. Henson, Ronald Trevor MacFarland, Gary B. Calandra, Hal E. Broxmeyer and David C. Dale on its face as inventors. Zydus is without sufficient information to admit or deny the remaining allegations in paragraph 12 of the Complaint and therefore denies the same.

13. Denied.

14. Admitted.

15. Zydus is without sufficient information to admit or deny the allegations in paragraph 15 of the Complaint and therefore denies the same.

16. Admitted.

17. Admitted.

18. Admitted.

19. Zydus is without sufficient information to admit or deny the allegations in paragraph 19 of the Complaint and therefore denies the same.

20. Zydus is without sufficient information to admit or deny the allegations in paragraph 20 of the Complaint and therefore denies the same.

21. Zydus is without sufficient information to admit or deny the allegations in paragraph 21 of the Complaint and therefore denies the same.

22. Admitted.

23. Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zydus denies the allegations in paragraph 23.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted that Zydus submitted ANDA No. 208980 to obtain FDA approval to market Zydus's Plerixafor ANDA Product prior to the expiration of the '590 and '102 patents, both of which are listed in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluation" (the "Orange Book") for Genzyme's Mozobil® drug product. Zydus denies the remaining allegations in paragraph 30 of the Complaint.

31. Denied.

32. Admitted.

33. Admitted that Zydus is aware of the decision issued on May 11, 2016 (Docket No. 215) in Genzyme Corporation and Sanofi-Aventis U.S. LLC v. Dr. Reddy's Laboratories, Ltd and Dr. Reddy's Laboratories, Inc. and Teva Pharmaceuticals USA, Inc., 1:13-cv-1506-GMS, finding claim 19 of the '590 patent not invalid. Zydus denies the remaining allegations in paragraph 33 of the Complaint.

34. Admitted.

**COUNT I: INFRINGEMENT BY ZYDUS OF U.S. PATENT NO. 7,897,590**

35. Zydus repeats and realleges its responses to the allegations in paragraphs 1-34 as if fully set forth herein.

36. Denied.

37. Denied.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zydus does not contest jurisdiction in this Court solely for purposes of Genzyme's claims against Zydus in this case.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted that Zydus is aware of the '590 patent and the decision issued by this Court in 1:13-cv-1506-GMS, Docket No. 215 holding that claim 19 of the '590 patent is not invalid. Zydus denies the remaining allegations in paragraph 45 of the Complaint.

46. Denied.

47. Denied.

**COUNT II: INFRINGEMENT BY ZYDUS OF U.S. PATENT NO. 6,987,102**

48. Zydus repeats and realleges its responses to the allegations in paragraphs 1-47 as if fully set forth herein.

49. Denied.

50. Denied.

51. Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Zydus does not contest jurisdiction in this Court solely for purposes of Genzyme's claims against Zydus in this case.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Admitted that Zydus is aware of the '102 patent and the decision issued by this Court in 1:13-cv-1506-GMS, Docket No. 215 holding that claim 19 of the '590 patent is not invalid. Zydus denies the remaining allegations in paragraph 58 of the Complaint.

59. Denied.

60. Denied.

**PRAYER FOR RELIEF**

Zydus denies that Genzyme is entitled to the judgement or relief requested in the Complaint. Zydus specifically denies that Genzyme is entitled to the general or specific relief requested against Zydus, or to any relief whatsoever, and prays for judgment in favor of Zydus

dismissing this action with prejudice and awarding Zydus its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interest and costs of this action, and such other or further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint, Zydus asserts the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Noninfringement)

Genzyme will not and cannot meet the burden of proof required to show that the manufacture, use, sale, offer to sell or importation into the United States of the products identified in ANDA No. 208980 will infringe, either literally or under the doctrine of equivalents, any valid claim of the '590 and '102 patents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

Upon information and belief, the claims of the '590 and '102 patents asserted by Genzyme are invalid for failing to satisfy one or more conditions of patentability set forth in Title 35 of the U.S.C., including but not limited to §§ 101, 102, 103 and/or 112.

### RESERVATION OF DEFENSES

Zydus hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, in law or in equity, that may now exist or become available as a result of discovery and further factual investigation during this litigation.

## COUNTERCLAIMS

Counterclaimant Zydus Pharmaceuticals (USA) Inc. ("Zydus"), by their attorneys, allege the following counterclaims against Genzyme Corporation and Sanofi-Aventis U.S. LLC (collectively "Genzyme").

### THE PARTIES

1. Counterclaimant Zydus is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

2. Upon information and belief, Genzyme Corporation is a corporation organized and existing under the laws of Massachusetts, having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

3. Upon information and belief, Sanofi-Aventis U.S. LLC is a corporation organized and existing under the laws of Delaware, having a principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807.

### JURISDICTION AND VENUE

4. The Counterclaims set forth below arise under the patents laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400, and based on Genzyme having asserted U.S. Patent Nos. No. 7,897,590 ("the '590 patent") and 6,987,102 ("the '102 patent") against Zydus in this district.

7. On its face, the '590 patent states an issue date of March 1, 2011 and lists Genzyme Corporation as assignee.

8. On its face, the ‘102 patent states an issue date of January 17, 2006 and lists Anormed, Inc. as assignee. The online database for the United States Patent and Trademark Office, located at assignment.uspto.gov, indicates that Genzyme Corporation became the assignee on January 9, 2008.

9. Genzyme claims to own and have the rights to enforce the ‘590 and ‘102 patents.

**FACTS TO ALL COUNTERCLAIMS**

10. Zydus realleges paragraphs 1-9 of these Counterclaims as if fully stated herein.

11. On June 29, 2016 Genzyme filed a Complaint against Zydus alleging, *inter alia*, infringement of the ‘590 and ‘102 patents.

12. Counterclaim-Defendant Genzyme Corporation is the holder of New Drug Application (“NDA”) No. 022311 for plerixafor solution 20 mg/mL for subcutaneous injection.

**COUNT ONE**
**NON-INFRINGEMENT OF THE ‘590 PATENT**

13. Zydus realleges paragraphs 1-12 of these Counterclaims as if fully stated herein.

14. Zydus has submitted ANDA No. 208980 to the United States Food and Drug Administration (“FDA”) in order to obtain approval to engage in the commercial manufacture, use, importation, sale or offer for sale of the products identified in ANDA No. 208980 (“Zydus’s ANDA product”) before the expiration of the ‘590 patent.

15. ANDA No. 208980 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in pertinent part, the manufacture, use, importation, sale or offer for sale of Zydus’ ANDA product will not infringe any valid claim of the ‘590 patent.

16. A definite and concrete, real and substantial, justiciable controversy exists between Zydus and Genzyme regarding the infringement of the ‘590 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

17. Zydus requests a declaration that certain claims of the ‘590 patent are not infringed by the commercial manufacture, use, importation, sale or offer for sale of Zydus's ANDA product.

**COUNT TWO**
**NON-INFRINGEMENT OF THE ‘102 PATENT**

18. Zydus realleges paragraphs 1-17 of these Counterclaims as if fully stated herein.

19. Zydus has submitted ANDA No. 208980 to FDA in order to obtain approval to engage in the commercial manufacture, use, importation, sale or offer for sale of Zydus's ANDA product before the expiration of the ‘102 patent.

20. ANDA No. 208980 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in pertinent part, the manufacture, use, importation, sale or offer for sale of Zydus' ANDA product will not infringe any valid claim of the ‘102 patent.

21. A definite and concrete, real and substantial, justiciable controversy exists between Zydus and Genzyme regarding the infringement of the ‘102 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

22. Zydus requests a declaration that certain claims of the ‘102 patent are not infringed by the commercial manufacture, use, importation, sale or offer for sale of Zydus's ANDA product.

**COUNT THREE**
**INVALIDITY OF THE ‘590 PATENT**

23. Zydus realleges paragraphs 1-22 of these Counterclaims as if fully stated herein.

24. Each claim of the ‘590 patent that Genzyme asserts against Zydus is invalid for failing to comply with one or more of the conditions or requirements for patentability under Title 35 of the U.S.C., including but not limited to §§ 101, 102, 103 and/or 112. For example, the claims of the ‘590 patent are anticipated under 35 U.S.C. § 102 and/or invalid as obvious under

35 U.S.C. § 103 over the prior art, including but not limited to U.S. Patent Nos. 5,824,304 ("the '304 patent") and 6,365,583 ("the '583 patent"); PCT Publication No. WO 00/45814 ("WO '814"); George A. Donzella, et al., AMD3100, a Small Molecule Inhibitor of HIV-1 Entry Via the CXCR4 Co-Receptor, 4 Nature Medicine 72-77 (1998) ("Donzella"); Craig W. Hendrix, et al., Pharmacokinetics and Safety of AMD-3100, a Novel Antagonist of the CXCR-4 Chemokine Receptor, in Human Volunteers, 44 Antimicrobial Agents and Chemotherapy 1667-1673 (June 2000) ("Hendrix"); Ralf Kronenwett, et al., The Role of Cytokines and Adhesion Molecules for Mobilization of Peripheral Blood Stem Cells, 18 Stem Cells 320-330 (September 2000) ("Kronenwett"); Kathleen E. McGrath, et al., Embryonic Expression and Function of the Chemokine SDF-1 and Its Receptor, CXCR4, 213 Developmental Biology 442-456 (1999) ("McGrath"); Qing Ma, et al., The Chemokine Receptor CXCR4 Is Required for the Retention of B Lineage and Granulocytic Precursors within the Bone Marrow Microenvironment, 10 Immunity 463-71 (1999) ("Ma"); Amnon Peled, et al., Dependence of Human Stem Cell Engraftment and Repopulation of NOD/SCID Mice on CXCR4, 283 Science 845-48 (1999) ("Peled"); Dominique Schols, et al., Inhibition of T-tropic HIV Strains by Selective Antagonization of the Chemokine Receptor CXCR4, 3 IDrugs 811-816 (1997) ("Schols") and Jean Pierre Vartanian, AMD-3100, 283 Science 845-48 (July 2000) ("Vartanian").

25. A definite and concrete, real and substantial, justiciable controversy exists between Zydus and Genzyme regarding the validity of the asserted claims of the '590 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

26. Zydus requests a declaration that every claim of the '590 patent asserted by Genzyme against Zydus is invalid.

**COUNT FOUR**
**INVALIDITY OF THE '102 PATENT**

27. Zydus realleges paragraphs 1-26 of these Counterclaims as if fully stated herein.

28. Each claim of the '102 patent that Genzyme asserts against Zydus is invalid for failing to comply with one or more of the conditions or requirements for patentability under Title 35 of the U.S.C., including but not limited to §§ 101, 102, 103 and/or 112. For example, the claims of the '102 patent are anticipated under 35 U.S.C. § 102 and/or invalid as obvious under 35 U.S.C. § 103 over the prior art, including but not limited to the '304 and '583 patents, WO '814, Donzella, Hendrix, Kronenwett, McGrath, Ma, Peled, Schols and Vartanian.

29. A definite and concrete, real and substantial, justiciable controversy exists between Zydus and Genzyme regarding the validity of the asserted claims of the '102 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

30. Zydus requests a declaration that every claim of the '102 patent asserted by Genzyme against Zydus is invalid.

**REQUEST FOR RELIEF**

WHEREFORE, Zydus respectfully requests this Court to enter judgment in its favor and against Genzyme as follows:

A. Dismissing the Complaint with prejudice, and that Genzyme take nothing by its Complaint;

B. Declaring that the manufacture, use, offer for sale, sale and importation of Zydus's ANDA product does not and will not infringe any valid claim of the '590 and '102 patents;

C. Declaring that the claims of the '590 and '102 patents are invalid;

D. Declaring that this is an exceptional case under 35 U.S.C. § 285 and/or other applicable statute or rules and awarding Zydus its attorneys' fees, costs and expenses in this action; and

E. Awarding to Zydus such further relief as this Court may deem necessary, just and proper.

PROCTOR HEYMAN ENERIO LLP

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (# 3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@proctorheyman.com

*Attorney for Defendant and Counterclaimant Zydus Pharmaceuticals (USA) Inc.*

Dated: July 20, 2016