**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GENZYME CORPORATION and SANOFI-AVENTIS U.S. LLC,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC.,<br><br>Defendant/Counterclaim-Plaintiff. | ) | C.A. No. 1:16-cv-00540 (GMS) |

**GENZYME CORPORATION'S AND SANOFI-AVENTIS U.S. LLC'S ANSWER TO COUNTERCLAIMS**

Genzyme Corporation ("Genzyme") and sanofi-aventis U.S. LLC ("Sanofi") (collectively, "Plaintiffs/Counterclaim-Defendants") respond to the Counterclaims (D.I. 10) filed by Zydus Pharmaceuticals (USA) Inc. ("Zydus") as follows:

**THE PARTIES**

1. Counterclaimant Zydus is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

**ANSWER:** Based on representations by Zydus in its Answer, Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 1.

2. Upon information and belief, Genzyme Corporation is a corporation organized and existing under the laws of Massachusetts, having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

**ANSWER:** Plaintiff/Counterclaim-Defendant Genzyme admits that it is a corporation organized and existing under the laws of the State of Massachusetts, having a principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

3. Upon information and belief, Sanofi-Aventis U.S. LLC is a corporation organized and existing under the laws of Delaware, having a principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807.

**ANSWER:** Plaintiff/Counterclaim-Defendant Sanofi admits it is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 55 Corporate Drive, Bridgewater, New Jersey 08807. Sanofi denies any remaining allegations of paragraph 3.

## JURISDICTION AND VENUE

4. The Counterclaims set forth below arise under the patents laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 4.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit this Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400, and based on Genzyme having asserted U.S. Patent Nos. No. 7,897,590 ("the '590 patent") and 6,987,102 ("the '102 patent") against Zydus in this district.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that they have asserted U.S. Patent Nos. 7,897,590 ("the '590 patent") and 6,987,102 ("the '102 patent") against Zydus in this

district. Plaintiffs/Counterclaim-Defendants do not contest venue in this judicial district. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 6.

7. On its face, the '590 patent states an issue date of March 1, 2011 and lists Genzyme Corporation as assignee.

**ANSWER**: Plaintiffs/Counterclaim-Defendants admit that the '590 patent was duly and legally issued on March 1, 2011. Plaintiffs/Counterclaim-Defendants admit that Genzyme Corporation is identified as the assignee on the face of the '590 patent. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 7.

8. On its face, the '102 patent states an issue date of January 17, 2006 and lists Anormed, Inc. as assignee. The online database for the United States Patent and Trademark Office, located at assignment.uspto.gov, indicates that Genzyme Corporation became the assignee on January 9, 2008.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that the '102 patent was duly and legally issued on January 17, 2006. Plaintiffs/Counterclaim-Defendants admit that Anormed, Inc. is identified as the assignee on the face of the '102 patent. Plaintiffs/Counterclaim-Defendants admit that Anormed, Inc. assigned the '102 patent to Genzyme Corporation on January 9, 2008, that the assignment is recorded with the United States Patent and Trademark Office, and that the recorded assignment can be located online at assignment.uspto.gov. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 8.

9. Genzyme claims to own and have the rights to enforce the '590 and '102 patents.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that Genzyme is the owner of the '590 and '102 patents and has the right to enforce those patents. Plaintiffs/Counterclaim-Defendants deny any remaining allegations of paragraph 9.

## FACTS TO ALL COUNTERCLAIMS

10. Zydus realleges paragraphs 1-9 of these Counterclaims as if fully stated herein.

**ANSWER:** With respect to paragraph 10, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1 through 9.

11. On June 29, 2016 Genzyme filed a Complaint against Zydus alleging, *inter alia*, infringement of the '590 and '102 patents.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 11.

12. Counterclaim-Defendant Genzyme Corporation is the holder of New Drug Application ("NDA") No. 022311 for plerixafor solution 20 mg/mL for subcutaneous injection.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 12.

## COUNT ONE
## NON-INFRINGEMENT OF THE '590 PATENT

13. Zydus realleges paragraphs 1-12 of these Counterclaims as if fully stated herein.

**ANSWER:** With respect to paragraph 13, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1 through 12.

14. Zydus has submitted ANDA No. 208980 to the United States Food and Drug Administration ("FDA") in order to obtain approval to engage in the commercial manufacture, use, importation, sale or offer for sale of the products identified in ANDA No. 208980 ("Zydus's ANDA product") before the expiration of the '590 patent.

**ANSWER:** Based on information contained within the letter dated May 17, 2016, sent from Zydus to Genzyme and purporting to be a notice pursuant to 21 U.S.C. § 355(j)(2)(B) ("Notice Letter"), Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 14.

15. ANDA No. 208980 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in pertinent part, the manufacture, use, importation, sale or offer for sale of Zydus' ANDA product will not infringe any valid claim of the '590 patent.

**ANSWER:** Based on information contained within the Notice Letter, Plaintiffs/Counterclaim-Defendants admit that Zydus notified Genzyme that Zydus's ANDA No. 208980 contained a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certification") with respect to the '590 patent. Based on information contained within the Notice Letter, Plaintiffs/Counterclaim-Defendants admit that Zydus has certified to the FDA that, in Zydus's opinion, no valid claim of the '590 patent will be infringed by the manufacture, use, or sale of the Zydus proposed ANDA product. Plaintiffs/Counterclaim-Defendants lack sufficient knowledge and information to form a belief as to the truth of the remaining allegations of paragraph 15 and, on that basis, deny those allegations.

16. A definite and concrete, real and substantial, justiciable controversy exists between Zydus and Genzyme regarding the infringement of the '590 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between Zydus and Plaintiffs/Counterclaim-Defendants regarding the infringement of the '590 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 16.

17. Zydus requests a declaration that certain claims of the '590 patent are not infringed by the commercial manufacture, use, importation, sale or offer for sale of Zydus' ANDA product.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny that paragraphs 1-17 of these Counterclaims provide sufficient notice of the legal or factual basis underlying Zydus's request for a declaration of non-infringement under any provision of 35 U.S.C. § 271.

Plaintiffs/Counterclaim-Defendants also deny Zydus is, or will be, entitled to a declaration by this Court that certain claims of the '590 patent are not infringed by the commercial manufacture, use, importation, sale, or offer for sale of Zydus's ANDA product.

**COUNT TWO**
**NON-INFRINGEMENT OF THE '102 PATENT**

18. Zydus realleges paragraphs 1-17 of these Counterclaims as if fully stated herein.

**ANSWER:** With respect to paragraph 18, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1 through 17.

19. Zydus has submitted ANDA No. 208980 to the United States Food and Drug Administration ("FDA") in order to obtain approval to engage in the commercial manufacture, use, importation, sale or offer for sale of Zydus's ANDA product before the expiration of the '102 patent.

**ANSWER:** Based on information contained within the Notice Letter, Plaintiffs/Counterclaim-Defendants admit the allegations of paragraph 19.

20. ANDA No. 208980 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that, in pertinent part, the manufacture, use, importation, sale or offer for sale of Zydus' ANDA product will not infringe any valid claim of the '102 patent.

**ANSWER:** Based on information contained within the Notice Letter, Plaintiffs/Counterclaim-Defendants admit that Zydus notified Genzyme that Zydus's ANDA No. 208980 contained a "paragraph IV certification" with respect to the '102 patent. Based on information contained within the Notice Letter, Plaintiffs/Counterclaim-Defendants admit that Zydus has certified to the FDA that, in Zydus's opinion, no valid claim of the '102 patent will be infringed by the manufacture, use, or sale of the Zydus proposed ANDA product. Plaintiffs/Counterclaim-Defendants lack sufficient knowledge and information to form a belief as

to the truth of the remaining allegations of paragraph 20 and, on that basis, deny those allegations.

21. A definite and concrete, real and substantial, justiciable controversy exists between Zydus and Genzyme regarding the infringement of the '102 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between Zydus and Plaintiffs/Counterclaim-Defendants regarding the infringement of the '102 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 21.

22. Zydus requests a declaration that certain claims of the '102 patent are not infringed by the commercial manufacture, use, importation, sale or offer for sale of Zydus' ANDA product.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny that paragraphs 1-22 of these Counterclaims provide sufficient notice of the legal or factual basis underlying Zydus's request for a declaration of non-infringement under any provision of 35 U.S.C. § 271. Plaintiffs/Counterclaim-Defendants also deny Zydus is, or will be, entitled to a declaration by this Court that certain claims of the '102 patent are not infringed by the commercial manufacture, use, importation, sale, or offer for sale of Zydus's ANDA product.

**COUNT THREE**
**INVALIDITY OF THE '590 PATENT**

23. Zydus realleges paragraphs 1-22 of these Counterclaims as if fully stated herein.

**ANSWER:** With respect to paragraph 23, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1 through 22.

24. Each claim of the ‘590 patent that Genzyme asserts against Zydus is invalid for failing to comply with one or more of the conditions or requirements for patentability under Title 35 of the U.S.C., including but not limited to §§ 101, 102, 103 and/or 112. For example, the claims of the ‘590 patent are anticipated under 35 U.S.C. § 102 and/or invalid as obvious under 35 U.S.C. § 103 over the prior art, including but not limited to U.S. Patent Nos. 5,824,304 (“the ‘304 patent”) and 6,365,583 (“the ‘583 patent”); PCT Publication No. WO 00/45814 (“WO ‘814”); George A Donzella, et al., AMD3100, a Small Molecule Inhibitor of HIV-1 Entry Via the CXCR4 Co-Receptor, 4 Nature Medicine 72-77 (1998) (“Donzella”); Craig W. Hendrix, et al., Pharmacokinetics and Safety of AMD-3100, a Novel Antagonist of the CXCR-4 Chemokine Receptor, in Human Volunteers, 44 Antimicrobial Agents and Chemotherapy 1667-1673 (June 2000) (“Hendrix”); Ralf Kronenwett, et al., The Role of Cytokines and Adhesion Molecules for Mobilization of Peripheral Blood Stem Cells, 18 Stem Cells 320-330 (September 2000) (“Kronenwett”); Kathleen E. McGrath, et al., Embryonic Expression and Function of the Chemokine SDF-1 and Its Receptor, CXCR4, 213 Developmental Biology 442-456 (1999) (“McGrath”); Qing Ma, et al., The Chemokine Receptor CXCR4 Is Required for the Retention of B Lineage and Granulocytic Precursors within the Bone Marrow Microenvironment, 10 Immunity 463-71 (1999) (“Ma”); Amnon Peled, et al., Dependence of Human Stem Cell Engraftment and Repopulation of NOD/SCID Mice on CXCR4, 283 Science 845-48 (1999) (“Peled”); Dominique Schols, et al., Inhibition of T-tropic HIV Strains by Selective Antagonization of the Chemokine Receptor CXCR4, 3 IDrugs 811-816 (1997) (“Schols”) and Jean Pierre Vartanian, AMD-3100, 283 Science 845-48 (July 2000) (“Vartanian”).

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 24. Plaintiffs/Counterclaim-Defendants also deny that paragraph 24 provides sufficient notice of the legal or factual basis underlying Zydus’s assertion of invalidity of the ‘590 patent under 35 U.S.C. §§ 101 or 112.

25. A definite and concrete, real and substantial, justiciable controversy exists between Zydus and Genzyme regarding the validity of the ‘590 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between Zydus and Plaintiffs/Counterclaim-Defendants regarding the validity of the '590 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 25.

26. Zydus requests a declaration that every claim of the '590 patent asserted by Genzyme against Zydus is invalid.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny that paragraphs 1-25 of these Counterclaims provide sufficient notice of the legal or factual bases underlying Zydus's request for a declaration of invalidity under 35 U.S.C. §§ 101 or 112. Plaintiffs/Counterclaim-Defendants also deny Zydus is, or will be, entitled to a declaration by this Court that any claim of the '590 patent is invalid under any of the provisions of Title 35 of the U.S.C.

## COUNT FOUR
## INVALIDITY OF THE '102 PATENT

27. Zydus realleges paragraphs 1-26 of these Counterclaims as if fully stated herein.

**ANSWER:** With respect to paragraph 27, Plaintiffs/Counterclaim-Defendants repeat and reallege their responses to paragraphs 1 through 26.

28. Each claim of the '102 patent that Genzyme asserts against Zydus is invalid for failing to comply with one or more of the conditions or requirements for patentability under Title 35 of the U.S.C., including but not limited to §§ 101, 102, 103 and/or 112. For example, the claims of the '102 patent are anticipated under 35 U.S.C. § 102 and/or invalid as obvious under 35 U.S.C. § 103 over the prior art, including but not limited to the '304 and '583 patents, WO '814, Donzella, Hendrix, Kronenwett, McGrath, Ma, Peled, Schols and Vartanian.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny the allegations of paragraph 28. Plaintiffs/Counterclaim-Defendants also deny that paragraph 28 provides sufficient notice of the legal or factual basis underlying Zydus's assertion of invalidity of the '102 patent under 35 U.S.C. §§ 101 or 112.

29. A definite and concrete, real and substantial, justiciable controversy exists between Zydus and Genzyme regarding the validity of the '102 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**ANSWER:** Plaintiffs/Counterclaim-Defendants admit that there is a justiciable controversy between Zydus and Plaintiffs/Counterclaim-Defendants regarding the infringement of the '102 patent. Plaintiffs/Counterclaim-Defendants deny the remaining allegations of paragraph 29.

30. Zydus requests a declaration that every claim of the '102 patent asserted by Genzyme against Zydus is invalid.

**ANSWER:** Plaintiffs/Counterclaim-Defendants deny that paragraphs 1-30 of these Counterclaims provide sufficient notice of the legal or factual bases underlying Zydus's request for a declaration of invalidity under 35 U.S.C. §§ 101 or 112. Plaintiffs/Counterclaim-Defendants also deny Zydus is, or will be, entitled to a declaration by this Court that any claim of the '102 patent is invalid under any of the provisions of Title 35 of the U.S.C.

## AFFIRMATIVE DEFENSE

Without prejudice to the denials set forth in this Answer, without admitting any allegation in the Counterclaims not otherwise admitted, and without undertaking any of the burdens imposed by law on Zydus, Plaintiffs/Counterclaim-Defendants assert the following affirmative defense:

### FIRST DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

**WHEREFORE**, Plaintiffs/Counterclaim-Defendants respectfully request the following relief in connection with these Counterclaims:

(a) An order dismissing each of Defendant/Counterclaim-Plaintiff Zydus's counterclaims with prejudice;

(b) An award of reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(c) Costs and expenses in this action; and

(d) Such further relief as the Court may deem just and proper.

Respectfully submitted,

Date: August 15, 2016

*/s/ Jeffrey B. Bove*

Jeffrey B. Bove (#998)
Karen R. Poppel (#5373)
RATNERPRESTIA
1007 Orange Street, Suite 205
Wilmington, Delaware 19801
Tel: (302) 778-2500
jbove@ratnerprestia.com
kpoppel@ratnerprestia.com

*Attorneys for Plaintiffs Genzyme Corporation and sanofi-aventis U.S. LLC*

*Of counsel:*

Paul H. Berghoff
Paula S. Fritsch
Jeremy E. Noe
Alison J. Baldwin
Kurt W. Rohde
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 South Wacker Drive, Suite
Chicago, Illinois 60606
Tel: (312) 913-0001
berghoff@mbhb.com
fritsch@mbhb.com
noe@mbhb.com
baldwin@mbhb.com
rohdek@mbhb.com